UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SPENCER L. MILLER,

    Petitioner,

v.

BRUNO STOLE,

    Respondent.

Case No. C09-5083BHS

ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 19) and Petitioner's Objections to the Report and Recommendation (Dkt. 20).

On April 6, 2009, Petitioner Spencer L. Miller filed a Petition for Writ of Habeas Corpus challenging his state court conviction for two counts of first degree attempted murder. Dkt. 5. On July 31, 2009, Judge Creatura issued a Report and Recommendation finding that the petition was time barred and recommending that the petition be dismissed with prejudice. Dkt. 19 at 7. Specifically, Judge Creatura found that, under 28 U.S.C. § 2244(d), the time period for which Petitioner could have filed this petition expired on August 2, 2006. *Id*. at 5. Judge Creatura also found that, based on the facts and arguments submitted by Petitioner, the time period for filing a petition was not subject to equitable tolling. *Id*. at 5-7.

ORDER – 1

1  On August 18, 2009, Petitioner filed Objections to the Report and Recommendation.
2  Dkt. 20. Petitioner argues that the Court should reject Judge Creatura's finding that denied
3  equitable tolling (*Id*. at 3-7) and that, if the Court dismisses the petition without addressing
4  the merits, it would result in a violation of Article I, Section 9, Clause 2, of the United States
5  Constitution as an unconstitutional suspension of the writ of habeas corpus (*Id*. at 7-12).

6  Under the Rules Governing Section 2254 Cases, the district court judge "must
7  determine *de novo* any proposed finding or recommendation to which objection is made"
8  and "may accept, reject, or modify any proposed finding or recommendation." Rule 8(b).

9  In this matter, the Court finds that Petitioner has properly objected to Judge
10 Creatura's finding that the time period for filing the petition was not subject to equitable
11 tolling. Therefore, the Court will engage in a de novo review of Judge Creatura's finding.

12 The Ninth Circuit has held that "Equitable tolling will not be available in most cases,
13 as extensions of time will only be granted if 'extraordinary circumstances' beyond a
14 prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District*
15 *Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds, Calderon*
16 *v. U.S. District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998), *abrogated on other grounds,*
17 *Woodford v. Garceau*, 538 U.S. 202 (2003) (citing *Alvarez-Machain v. United States*, 107
18 F.3d 696, 701 (9th Cir. 1997)). "Indeed, 'the threshold necessary to trigger equitable tolling
19 is very high, lest the exception swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066
20 (9th Cir. 1998). Petitioner has the burden of demonstrating that equitable tolling is
21 appropriate. *Id*. at 1065.

22 Petitioner argues that he "was deprived of both access to the law library and personal
23 legal documents while at Northfork [Corrections Center in Oklahoma]." Dkt. 20 at 5.
24 Petitioner claims that evidence in support of this argument was not before Judge Creatura
25 because the following paragraph was explicitly left out of his declaration that was submitted
26 in support of his petition:

28 ORDER – 2

> [Petitioner is competent to testify] that while imprisoned at the Northfork prison there were numerous lockdowns, and restrictions on movement at the prison which affected my ability to prepare my state [personal restraint petition], and federal writ . . . .

*Id*. at 5. Even considering this allegation, Petitioner has failed to show that equitable tolling is appropriate. The statute of limitations on Petitioner's writ began to run on August 2, 2005 and Petitioner filed nothing regarding this matter until November 3, 2008. The Court adopts the findings of Judge Creatura and finds that Petitioner's allegation of limited access to a law library as set out in the Petition and objections is not an "extraordinary circumstance" that would warrant two years of equitable tolling. Therefore, the Court overrules Petitioner's objection on this issue and adopts Judge Creatura's recommendation that equitable tolling is not appropriate for this writ.

With regard to Petitioner's argument regarding the unconstitutional suspension of the writ of habeas corpus, the district court has discretion to consider new arguments included in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002). The Court will briefly address Petitioner's argument.

The Suspension Clause provides that "the Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." U.S. Const. art. I, § 9, cl. 2. The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977), and *United States v. Hayman*, 342 U.S. 205, 223 (1952)). While the Antiterrorism and Effective Death Penalty Act ("AEDPA") certainly established new guidelines for habeas cases, it did not "suspend" the right of a prisoner to seek habeas relief contrary to article I, § 9, clause 2 of the Constitution. *See, e.g., Felker v. Turpin*, 518 U.S. 651 (1996). The AEDPA leaves habeas petitioners with a reasonable opportunity to have their claims heard

ORDER – 3

on the merits. Therefore, the Court is not persuaded by Petitioner's argument that AEDPA violates the Suspension Clause and overrules his objection on this issue.

The Court having considered the Report and Recommendation, Petitioner's objections, and the remaining record, does hereby find and order:

(1) The Court **OVERRULES** Petitioner's Objections;

(2) The Court adopts the Report and Recommendation; and

(3) This petition is **DISMISSED with prejudice** because it is time barred.

DATED this 14th day of September, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4